# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY BROWN,

        Petitioner,               Case Number: 06-CV-14225

v.                                      HON. JOHN CORBETT O'MEARA

CINDI CURTIN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner Gregory Brown has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, pursuant to convictions for armed robbery, unarmed robbery, breaking and entering a an occupied dwelling, and two counts of felony firearm. Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed. Petitioner has filed a response to the Motion. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

## I. Background

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of the above offenses. On May 1, 1992, he was sentenced to life imprisonment for the armed robbery conviction, three to fifteen years imprisonment for the unarmed robbery conviction, three to five years imprisonment for the breaking and entering conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the convictions. People v. Brown, No. 154317 (Mich. Ct. App. Jan. 31, 1995). Petitioner did not file an application for leave to appeal the Michigan Court of Appeals' decision to the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, dated March 1, 2007.

Petitioner filed a habeas corpus petition in this court on October 10, 2002. On October 30, 2002, the Court dismissed the petition without prejudice. Brown v. McKee, No. 02-cv-73895 (E.D. Mich. Nov. 6, 2002) (Tarnow, J.).

On February 18, 2003, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. People v. Brown, No. 91-009465 (Wayne County Circuit Sept. 24, 2004).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal on March 16, 2006. People v. Brown, No. 264068 (Mich. Ct. App. March 16, 2006). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. People v. Brown, No. 131015 (Mich. Aug. 29, 2006).

Petitioner filed the pending petition for a writ of habeas corpus on September 12, 2006.[1]

## II. Discussion

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

---

[1] Under the prison mailbox rule, a habeas petition is considered filed when it is given to a prison official for mailing. Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E. D. Mich. 2001). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas corpus petition to prison officials for mailing on the date that he signed it. *See* id.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Although Petitioner challenges a conviction rendered before 1996, the one-year statute of limitations applies to his petition because the petition was filed after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336-37 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period. Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment. However, Petitioner's motion was not filed until February 18, 2003, over five years after the limitations period already had expired. Additionally, Petitioner's filing of his first

habeas corpus petition did not equitably toll the limitations period because it was also filed after the limitations period had expired. Thus, the limitations period commenced on April 24, 1996, and continued to run, uninterrupted, until it expired on April 24, 1997. Accordingly, the petition is untimely.

Petitioner concedes that his petition was not filed within the one-year limitations period, but maintains that he is entitled to equitable tolling of the limitations period.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), citing Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit Court of Appeals has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (2001).

In his petition, Petitioner first argues that the limitations period should be equitably tolled because he is actually innocent. Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." Souter v. Jones, 395 F.3d 577, 600 (6th Cir.2005). "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass

4

through the gateway and argue the merits of his underlying constitutional claims." Id. at 602. "[T]he threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" Id. at 590, *quoting* Schlup v. Delo, Schlup v. Delo, 513 U.S. 298, 317 (1995). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Id., at 324.

In this case, Petitioner does not present new evidence that raises sufficient doubt about his guilt or that undermines confidence in the result of his trial. Therefore, the Court finds that equitable tolling is not warranted based upon his claim of actual innocence.

Second, Petitioner argues that he is entitled to equitable tolling because failure to consider his claims would result in a fundamental miscarriage of justice because his claims are meritorious. A fundamental miscarriage of justice occurs when the petitioner submits new evidence showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *See* Schlup, 513 U.S. at 326-30. As discussed above, Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Therefore, this claim also does not warrant equitable tolling of the limitations period.

### III. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

s/John Corbett O'Meara
United States District Judge

Dated: May 24, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 24, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager